UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| GLORIA CUNNINGHAM, § | |
|    *Plaintiffs* § | |
| § | |
| v. § | CAUSE NO: **6:19-cv-98** |
| § | |
| ALLSTATE TEXAS LLOYD'S § | |
|    *Defendants.* § | |

## ALLSTATE TEXAS LLOYD'S
## NOTICE OF REMOVAL

Defendant, Allstate Texas Lloyd's ("Allstate"), hereby removes this lawsuit pursuant to 28 U.S.C. § 1332 and/or 28 U.S.C. § 1446(b)(3), and would respectfully show the Court as follows:

### I.
### GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

1.  This Court has subject matter jurisdiction of this suit based on 28 U.S.C. § 1332 and/or 28 U.S.C. § 1446(b)(3) because the amount in controversy exceeds $75,000, exclusive of and the parties are diverse.

### II.
### BACKGROUND

2.  On September 25, 2019, Plaintiff Gloria Cunningham ("Plaintiff") filed her Original Petition in the 267th Judicial District Court of Victoria County, Texas, Cause Number 19-09-85035-C, styled *Gloria Cunningham v. Allstate Texas Lloyd's*. See Exhibit A (Plaintiff's Original Petition); *see also* Exhibit B (proof of service of process).

3.  Plaintiff's lawsuit against Allstate Texas Lloyd's ("Allstate") arises from property damage to Plaintiff's home allegedly caused by Hurricane Harvey between August 25 and

September 1, 2017.  Exhibit A at ¶ 8.  Plaintiff affirmatively plead for "monetary relief of $100,000 or less…" *Id.* at ¶ 4.

4. Plaintiff served Allstate with Plaintiff's Original Petition and process on November 4, 2019. *See* Exhibit B.

5. As against Allstate, Plaintiff asserts causes of action for breach of contract and violations of the Texas Insurance Code.  *See* Exhibit A, at ¶¶ 16-21.

6. On November 14, 2019, pursuant to Texas Insurance Code 542A.006, Allstate sent notice to Plaintiff accepting whatever liability the Defendant Adjusters might have to the Plaintiff for the acts or omissions of the Defendant Adjusters.  *See* Notice of Election of Adjuster Liability attached hereto as Exhibit C.  Thus, Plaintiff's only recourse in this action is against Allstate.

7. The State Court's Record Search including Case History for this matter is attached hereto.  *See* Exhibit D.

### III.
### ARGUMENTS AND AUTHORITIES

A. **Diversity in Citizenship**

    i. *Plaintiff's Citizenship*

8. Plaintiff is a natural person who resides in Victoria County, Texas. *See* Exhibit A, ¶ 1. Plaintiffs have not pled any other facts of residency, intention to leave Texas, or domiciles in other States. *Id.*  Accordingly, Allstate asserts that absent the same, Plaintiff's citizenship at the time of the filing of the suit and at the time of removal is properly established as the State of Texas. *See Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

    ii. *Allstate's Citizenship*

9. Citizenship of an unincorporated association is determined by the citizenship of its members.  See U.S.C. § 1332(a).  For the purposes of determining citizenship of a Lloyds

organization, the court looks to the citizenship of the Lloyd members. *See Massey v. State Farm Lloyds Inc. Co.*, 993 F. Supp. 568, 570 (S.D. Tex., Galveston Div. 1998).

10.     Defendant, Allstate Texas Lloyd's is an association of individual underwriters, authorized to conduct business in the State of Texas as a "Lloyd's plan" insurer under the Texas Insurance Code. The underwriters are residents and citizens of the State of Illinois. Accordingly, Allstate Texas Lloyd's is a citizen of the State of Illinois.

      B.   **Amount in Controversy**

11.     The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00, or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

12.     Here, it is facially apparent from Plaintiffs' petition that the claim likely exceeds $75,000.00. Specifically, Plaintiff's petition states Plaintiff seeks monetary relief of $100,000 or less . . ." *Plaintiff's Original Petition*, Exhibit A, ¶ 4.

13.     Additionally, Plaintiff's Original Petition suggests that Allstate underpaid her claim by $9,439.45. *Id.* at ¶ 16. Importantly, Plaintiff has pled causes of action for Breach of Contract and violations of Texas Insurance Codes §§ 541.060 et seq. at ¶¶ 16-21. Thus Plaintiff, if she is successful on her claims, may be able recover reasonable attorney's fees for Breach of Contract and treble damages for the insurance code violations under Texas Insurance Code § 541.152(b).

14.     If Plaintiff were to recover treble damages under the Texas Insurance Code and the jury finds that Plaintiff is indeed owed $9,439.35 in contractual damages, then the jury could award the Plaintiff a total of $28,318.05 exclusive of attorney's fees.  In a matter such as this, reasonable attorney's fees would likely easily exceed $50,000.  Thus the total recoverable amount Plaintiff may receive if she is successful at trial is likely to exceed $78,318.05—and that is without accounting for exemplary damages should Plaintiff decide to seek such damages.

### III.
### REMOVAL IS PROCEDURALLY PROPER

15.     This notice of removal is timely filed within thirty (30) after receipt of Plaintiff's Original Petition pursuant to 28 U.S.C. § 1446(b)(1).

16.     Venue is proper in this Court under 28 U.S.C. §1441(a) because this District and Division of this Court embraces Victoria County, Texas, the place where the State Court suit was filed.

17.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached herein.

18.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiffs and to the Clerk of Victoria County District Court.

### IV.
### INDEX OF MATTERS FILED

19.     Pursuant to 20 U.S.C. § 1446(a), Local Rule 3 and Local Rule 81, Defendant includes with this notice of removal the following attachments, which are incorporated herein by reference:

- Civil Cover Sheet
- Exhibit A:    Plaintiff's Original Petition
- Exhibit B:    Executed process to Allstate

- Exhibit C: Notice of Election of Adjuster Liability

- Exhibit D: State Court Record Search

WHEREFORE, Defendant Allstate Texas Lloyd's requests that the Court accept jurisdiction over this case against them for the reasons set forth above, and grant Defendant any such other and further relief to which they show themselves justly entitled.

Respectfully submitted,

By:/s/ Michael M. Novak
**Robert E. Valdez**
State Bar No.20428100
S.D. Tex. Bar No. 9816
revaldez@valdeztrevino.com
**Michael M. Novak**
State Bar No. 24092405
S.D. Tex. Bar No. 3084746
mnovak@valdeztrevino.com

**VALDEZ & TREVIÑO**
**ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Dr., Suite 700
San Antonio, Texas 78230
Telephone: (210) 598-8686
Facsimile: (210) 598-8797

*Attorney for Defendant Allstate Texas Lloyd's*

{00555520}                            5

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument was filed electronically with the United States District Court for the Southern District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically with notice to all counsel of record on this 21st day of November, 2019.

WILLIAMS HART BOUNDAS EASTERBY LLP
P. Griffin Bunnell
SBN: 24080815
gbunnell@whlaw.com
Sean H. McCarthy
SBN: 24065706
smccarthy@whlaw.com
8441 Gulf Freeway, Ste. 600
Houston, Texas 77017
Tel: (713) 230-2200
Fax: (713) 643-6226
Counsel for Plaintiff

                                                */s/Michael M. Novak*
                                                **Michael M. Novak**