Case 6:19-cv-00098   Document 1-2   Filed on 11/21/19 in TXSD   Page 1 of 17

Filed 9/25/2019 5:25 PM
Cathy Stuart
District Clerk
Victoria County, Texas
By: Bobbi Ellinger

**EXHIBIT A**

CAUSE NO. **19-09-85035-C**

| | | |
|---|---|---|
| GLORIA CUNNINGHAM | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| V | § | VICTORIA COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYD'S | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND
## INITIAL WRITTEN DISCOVERY REQUESTS

Plaintiff Gloria Cunningham files this Original Petition and Initial Written Discovery Requests against Defendant Allstate Texas Lloyd's ("Allstate") and would show:

### I. THE PARTIES

1. Plaintiff is a Texas resident and resides in Victoria County, Texas.

2. Defendant Allstate Texas Lloyd's is an insurance company doing business in the State of Texas and may be served with process through its registered agent for service: **CT Corporation, 1999 Bryan St. Ste. 900, Dallas, TX 75201-3136.**

### II. DISCOVERY CONTROL PLAN

3. Plaintiff intends for discovery to be conducted under Level 1 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff states she seeks monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

5. This Court has personal jurisdiction over Allstate because Allstate is authorized to do business in Texas and Plaintiff's cause of action arise out of its business activities in the state of Texas.

6. Venue is proper in Victoria County under Tex. Civ. Prac. & Rem. Code § 15.002(a)(1) and Tex. Ins. Code § 2210.575(e) because all or a substantial part of the events or omissions giving rise to the suit occurred in Victoria County. Specifically, the loss at issue occurred in Victoria County.

## IV. FACTUAL BACKGROUND

7. Plaintiff is the named insured under a property insurance policy issued by Allstate, policy number 000216160936 (the "Policy"). The Policy states that the location of the property insured is 103 Trentwood Cirlce, Victoria, Victoria County, Texas 77901 (the "Property"). The Policy expressly covers all accidental direct physical loss to the Property caused by a hurricane and makes clear that Allstate will pay to repair or replace parts of the Property damaged by a hurricane. The Policy has a $2,720.00 deductible. Plaintiff paid all required premiums to trigger coverage under the Policy.

8. From August 25th through September 1, 2017, Hurricane Harvey swept across Texas causing widespread destruction and devastation due to extreme winds up to 130 miles an hour in Victoria County and surrounding areas. Beginning on or about August 26, 2017, Hurricane Harvey's massive wind field caused widespread destruction in and around Victoria County, and to Plaintiff's Property. The substantial winds from Harvey caused extensive damage to the Property, including extensive wind damage across its entire roof surface. The storm damaged the roof such that there were wind caused openings that allowed water to enter the interior and caused interior damage.

9. All of this damage to the Property was covered by the express terms of the Policy. Plaintiff subsequently filed a claim with Allstate under the Policy and asked Allstate to cover all damage pursuant to the express terms of the Policy. Allstate assigned her the claim number 0472708528.

10. Allstate assigned adjuster, Norris Daniels to adjust the claim and instructed him to inspect the Property for storm damage. Mr. Daniels conducted a substandard investigation and inspection of the Property. Mr. Daniels was either improperly trained or intentionally ignored the damages that were present. Moreover Mr. Daniels failed to spend the appropriate amount of time necessary to properly identify the damages that were present at the time and were clearly attributable to the powerful winds from Hurricane Harvey. Mr. Daniels failed to note the vast majority of the obvious storm damage to the roof. Mr. Daniels either negligently or intentionally failed to identify the damages that were present at the time and were clearly attributable to the storm's powerful winds. In addition, wind driven rain from the storm created an opening and damaged the interior. Mr. Daniels failed to scope any of the interior damage. Mr. Daniels failed to note the connection between the interior water damage just below the wind damaged roof, and as a result claimed the interior leaks did not arise from the storm. In short, he failed to conduct a reasonable inspection. Overall, he pursued an outcome-oriented investigation, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses to the Property, which is evident by the fact he either missed or ignored the vast majority of the damages that were obviously present during the inspection. He determined the total recoverable damage, before deductible, was $3,050.26.

11. Allstate sent a second adjuster, Keith Louis, to perform a re-inspection. He did find additional minimal damage to the exterior and interior rooms. Louis, however, drastically under-scoped the damages and found only $4,209.02 before deductible.

12. In truth, the entire roof suffered severe enough storm damage to require complete replacement and that damage was obviously present at the time of the original inspection. The roof showed extensive wind damage across its entire surface. Countless shingles were ripped off during the storm and many were creased by the wind. The wind damage to the shingles created openings for water to leak into the interior and damage the interior of the property. Three interior rooms suffered water damage to the ceilings. The property's shed suffered damage.

13. Following the adjusters' inadequate and unreasonable inspections, Allstate relied upon the two investigation results to justify partially denying Plaintiff's claim. Allstate issued the Plaintiff a total of $1,489.02 for her claim after deducting her $2,720.00 deductible.

14. That amount was not sufficient to pay for all of the clear storm damage. As indicated above, the actual damage to the Property is extensive. The entire roof needed to be replaced. Roof vents, caps, and pipe jacks must be replaced. Window screens need repairs. A shed roof must be replaced. Three interior rooms need new drywall, texturing, insulation, and paint. The actual covered damage to the Property caused by Hurricane Harvey totaled approximately $12,000.00. To date, Plaintiff has had to come out of pocket $6,412.82 to pay for the roof.

## V. CAUSES OF ACTION

15. Plaintiff incorporates each and every previous paragraph by reference in the following:

### A. Breach of Contract

16. Allstate had a contract of insurance with Plaintiff that covered the Property damage described above. Allstate breached the terms of the contract by wrongfully denying the claim. As a direct result, Plaintiff was damaged because she lost the benefit of the bargain, namely that in return for premium payments, Allstate would pay to repair the covered loss to the Property. Therefore,

this breach has damaged the Plaintiff by the amount needed to repair the Property less her deductible and prior payments, which totals $9,439.45.

### B. Bad Faith/Unfair Settlement Practices

17. Plaintiff pleads this cause of action in the alternative to their breach of contract claim.

18. Allstate's conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

19. Defendants violated TEXAS INSURANCE CODE § 541.060 by:

   i. Misrepresenting to Plaintiff a material fact or policy provision related to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

   ii. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear (TEX. INS. CODE § 541.060(a)(2)(A));

   iii. Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policy, in related to the facts or applicable law, for with Allstate's denial of a claim or offer of a compromise settlement for the claim (TEX. INS. CODE § 541.060(a)(3));

   iv. Refusing to pay the claim without conducting a reasonable investigation of the claim (TEX. INS. CODE § 541.060(a)(7)); and

   v. Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights letter to them (TEX. INS. CODE § 541.060(a)(4)).

20. Allstate's violations damaged Plaintiff by depriving her of the amount needed to repair the Property less her deductible.

### C. Prompt Payment of Claims Statute

21. Allstate's failure to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Texas Insurance Code Article 542.058,

which is made actionable by Texas Insurance Code Article 542.060. Plaintiff is therefore entitled the statutory interest provided by the Texas Insurance Code.

### D. Attorneys' Fees

22. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against the defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

23. TEXAS CIVIL PRACTICE AND REMEDIES CODE §§ 38.001-38.003 provides Plaintiff her reasonable and necessary attorneys' fees because she is represented by an attorney, presented the claim to the defendants and the defendants did not tender the amount owed within 30 days after they received the claim.

24. Plaintiff is also entitled to the reasonable and necessary attorneys' fees incurred in prosecuting her causes of action through trial and any appeal pursuant to the TEXAS INSURANCE CODE §§ 541.152 and §542.060.

## VI. CONDITIONS PRECEDENT

26. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred and/or Allstate waived the same. This includes, but is not limited to, providing notice pursuant to TEXAS INSURANCE CODE 542A.

## VII. NOTICE PURSUANT TO 193.7 T.R.C.P.

27. Pursuant to 193.7 Tex. R. Civ. P., Plaintiff hereby notifies all Parties that any and all material or information, responsive to Plaintiff's discovery requests, which are produced by any Defendant throughout the course of this lawsuit shall be deemed self-authenticated.

28. Further, pursuant to Rule 193.7, Plaintiff hereby gives notice of her intent to present, publish, and introduce as evidence any and all such material or information described herein as they, subject solely to their own discretion, decide so to use in the trial of this cause.

## VIII. DISCOVERY REQUESTS TO DEFENDANT

### Request for Disclosure

29. Pursuant to Rule 194.2 of the TEXAS RULES OF CIVIL PROCEDURE, Allstate is requested to disclose, within 50 days of service of this request, the information or material described in TEXAS RULE OF CIVIL PROCEDURE 194.2.

### Request for Production

30. Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Allstate is hereby requested to produce, within 50 days of service of this petition and incorporated request, the documents and tangible items in the list attached hereto as "Exhibit A."

### Interrogatories

31. Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, Allstate is hereby requested to answer, within 50 days of service of this petition and incorporated request, the interrogatories attached hereto as "Exhibit A."

### Request for Admissions

Pursuant to Rule 198 of the TEXAS RULES OF CIVIL PROCEDURE, Allstate is hereby requested to admit or deny, in writing, within 50 days of service of this petition and incorporated request, the propositions of fact and/or law attached hereto as "Exhibit A."

## PRAYER

WHEREFORE, Plaintiff prays that, upon final hearing of the case, she recover all damages, including:

        (i)     any amount owed under the Policy;

        (ii)    pre-judgment interest;

        (iii)   post-judgment interest;

        (iv)   court costs;

(v) attorneys' fees;

(vi) interest amounts owed under the TEXAS INSURANCE CODE'S Prompt Payment of Claims provisions; an

(vii) any other relief that she shows they are entitled to receive.

Respectfully submitted,

**WILLIAMS HART BOUNDAS EASTERBY LLP**

By: */s/ P. Griffin Bunnell*
Sean H. McCarthy
State Bar No. 24065706
P. Griffin Bunnell
State Bar No. 24080815
8441 Gulf Freeway, Ste 600
Houston, TX 77017
Telephone: 713-230-2200
Fax: 713-643-6226
Email: smccarthy@whlaw.com
Email: gbunnell@whlaw.com

**AND**

**THE COOK LAW FIRM, PLLC**
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway Suite 585
Houston, Texas 77074
Telephone: (713) 401-2890
Facsimile: (713) 643-6226
Email: acc@texinsurancelaw.com

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| GLORIA CUNNINGHAM | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V | § | VICTORIA COUNTY, TEXAS |
| | § | |
| ALLSTATE TEXAS LLOYD'S and | § | |
| NORRISSELL DANIELS | § | |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION, INTERROGATORIES AND REQUEST FOR ADMISSIONS TO DEFENDANT <u>ALLSTATE TEXAS LLOYDS</u>

Plaintiff in the above-styled and numbered cause requests that Defendant, Allstate Texas Lloyd's (1) answer the Requests for Production separately and fully in writing within 50 days of service; (2) answer the following Interrogatories separately and fully in writing under oath within 50 days of service; (3) answer the Requests for Admissions separately and fully in writing within 50 days of service; (4) serve your answers to these Requests for Production, Interrogatories, and Requests for Admissions on Plaintiff by and through his attorney of record:

P. Griffin Bunnell
Williams Hart Boundas Easterby LLC
8441 Gulf Freeway, Suite 600
Houston, Texas 77017

and (5) produce all documents responsive to the Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 50 days of service at Williams Hart Boundas Easterby LLC.

You are also advised that you are under a duty to seasonably amend and/or supplement your responses if you obtain information on the basis of which:

    a.    You know the response made was incorrect or incomplete when made; or

b. You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

Respectfully submitted,

**WILLIAMS HART BOUNDAS EASTERBY LLP**

By: /s/ P. Griffin Bunnell
Sean H. McCarthy
State Bar No. 24065706
P. Griffin Bunnell
State Bar No. 24080815
8441 Gulf Freeway, Ste 600
Houston, TX 77017
Telephone: 713-230-2200
Fax: 713-643-6226
Email: smccarthy@whlaw.com
Email: gbunnell@whlaw.com

**AND**

**THE COOK LAW FIRM, PLLC**
Andrew C. Cook
State Bar No. 24057481
8441 Gulf Freeway, Sixth Floor
Houston, Texas 77017
Telephone: (713) 713-230-2366
Facsimile: (713) 643-6226
Email: acc@texinsurancelaw.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant would have received it when it was served with the citation.

/s/ P. Griffin Bunnell

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION, INTERROGATORIES AND REQUEST FOR ADMISSIONS TO DEFENDANT
## ALLSTATE TEXAS LLOYDS

## DEFINITIONS AND INSTRUCTIONS

A. These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B. If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

C. The term "document" shall have the broadest meaning possible under the applicable Rules of Civil Procedure governing this litigation (whether Texas or Federal) and shall include, but not be limited to, the original (or a copy when the original is not available) and each non-identical copy (including those which are non-identical by reason of annotation or markings, or by appearing in the files of a separate person). The term "document" also includes all electronically stored information ("ESI"), and each specific request for documents shall be deemed to specifically request electronic documents and records.

D. The terms "relate(s) to," "relating to," or "regarding" shall have a meaning consistent with their usage in the English language in the broadest sense possible; i.e. having any logical or factual connection whatsoever with the subject matter in question.

E. "Communication" means, without limitation of its generality, statements, discussions, conversations, correspondence, e-mails, texts, instant messages, intranet communications, speeches, meetings, remarks, questions, answers, panel discussions and symposia, whether written or oral. The term includes, without limitation of its generality, communications and statements that are face to face and those that are transmitted by any other method, including, but not limited to, the Internet, e-mail servers (whether internal or external), telephone, networked computers, external storage devices, cloud-based sharing technologies (such as DropBox), or any other method that effectuates a Communication.

F. If you claim that any document which is required to be identified or produced by you in any response is privileged:

    1. Identify the document's title and general subject matter;
    2. State its date;
    3. Identify all persons who participated in its preparation;
    4. Identify the persons for whom it was prepared or to whom it was sent;
    5. State the nature of the privilege claimed; and
    6. State in detail each and every fact upon which you base your claim for privilege.

G. "You," "Your," "Yours", "Defendants" and "Defendant" means all Defendants in this case.

H. "Property" means the property defined in the Petition.

I. "Policy" means the insurance policy identified in the Petition.

J. The word "storm" shall refer to the storm described in the Petition that resulted in the claim.

K. In each instance where you are asked to identify or to state the identity of a person, or where the answer to an Interrogatory refers to a person, state with respect to each such person:

1. His or her name;
2. His or her last known business and residence address and telephone number; and
3. His or her business affiliation or employment at the date of the transaction, event or matter referred to.

L. In each instance where you are asked to identify a document, state with respect to each document:

1. The type of document;
2. The general subject matter of the document;
3. The date of the document;
4. The names and addresses of the authors and recipients of the document;
5. The location of the document;
6. The identity of the person who has possession or control of the document;
7. Whether the document has been destroyed, and if so, (a) the date of its destruction, (b) the reason for its destruction, (c) the identity of the persons who destroyed it, and (d) any retention policy directing its destruction.

M. If you decide that one question is not simply one question and plan to object based upon more than 25 interrogatories, you are instructed to skip that question and continue to answer what you consider to be only one question, by answering only the first 25 alleged single questions. By answering any one numbered question, you are hereby admitting that one number question is in fact one question and waive any objection based upon a limit of interrogatories.

N. "Plaintiffs" and "Plaintiff" includes all Plaintiffs, and refers to a single Plaintiff or multiple Plaintiffs, if applicable.

## INTERROGATORIES TO DEFENDANT

1. Identify all persons and/or entities who had any part and/or involvement in any way with the claim made the basis of the Lawsuit on behalf of Defendant Allstate Texas Lloyd's (Claim Number 0472708528) and describe the involvement each person had (i.e., field adjuster, desk adjuster, claims analyst, etc.).

**ANSWER:**

## FIRST REQUEST FOR PRODUCTION

1. The following insurance documents issued for the Property as identified in the Petition:

   a. the Policy at issue for the date of loss as identified in the Petition; and
   b. the Policy declarations page for the 3 years preceding the storm.

**RESPONSE:**


2. The entire, unaltered, un-redacted, original and complete claims file relating the Plaintiffs' claim (0472708528) that made the basis of the lawsuit. Please produce ESI in the same format in which it was maintained in the ordinary course of business. This request encompasses all documents and ESI comprising the entire claim file that is in Defendant's possession, custody, and/or control. **Please note this request seeks production of the original claim file.**

**RESPONSE:**


3. All documents relating to the condition of the Property or damages of the Property.

**RESPONSE:**


4. Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property at issue. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

**RESPONSE:**


5. All documents evidencing the policies, procedures, guidelines, or best practices that defendant requires its employees, agents, or contractors to follow when adjusting the type of claim here, i.e., the Hurricane property damage.

**RESPONSE:**


6. All documents relating to the condition of the Property prior to the August 25, 2017 date of loss, including but not limited to any prior underwriting or renewal inspections.

**RESPONSE:**

7. All organization charts, diagrams, lists, and/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

**RESPONSE:**

8. For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, review by, or prepared for the testifying expert.

**RESPONSE:**

9. Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

**RESPONSE:**

10. To the extent Defendant answers to the Plaintiffs' First Interrogatories implicate Tex. R. Civ. P. 197.2(c) (Option to Produce Business Records), please produce any and all documents referenced, specified, and/or identified in those interrogatory responses. Please produce ESI in the same format in which it was maintained in the ordinary course of business.

**RESPONSE:**

## FIRST REQUEST FOR ADMISSIONS

1. Admit Plaintiffs submitted the claim for storm damage identified with Claim No. 0472708528 within the deadlines proscribed by the Policy.

**RESPONSE:**


2. Admit Plaintiffs fully complied with all contractual obligations imposed by the Policy.

RESPONSE:

3. Admit that Defendant should assist its policyholders with their insurance claims.

**RESPONSE:**

4. Admit that Defendant must disclose to its insureds all benefits, coverages, and time limits that may apply to their claims.

**RESPONSE:**

5. Admit that Defendant should treat its policyholders interests equal to their own.

**RESPONSE:**

6. Admit that Defendant performed an inspection of the Property before issuing the Policy.

**RESPONSE:**

7. Admit that Defendant performed an inspection of the Property within 60 days of issuing the Policy.

**RESPONSE:**

8. Admit that Defendant did not inspect the Property prior to issuing the Policy.

**RESPONSE:**

9.      Admit that Defendant did not inspect the Property within 60 days of issuing the Policy.

**RESPONSE:**

10.     Admit that Defendant did not inspect the Property prior to renewing the Policy for policy period covering the August 25, 2017 claim.

**RESPONSE:**

12.     Admit that Defendant did not inspect the Property within 60 days of renewing the Policy for policy period covering the August 25, 2017 claim.

**RESPONSE:**

13.     Admit that Defendant did inspect the Property prior to August 25, 2017.

**RESPONSE:**

14.     Admit that Defendant did not inspect the Property prior to August 25, 2017.

**RESPONSE:**